Dominic CASTAGNOLA, et al., Plaintiffs,

v.

Robert A. MOSBACHER, et al., Defendants.

CARIBBEAN MARINE SERVICE COMPANY, INC., et al., Plaintiffs,

v.

Robert A. MOSBACHER, et al., Defendants.

CAROLINE M. CORP., INC., Plaintiffs,

v.

Robert A. MOSBACHER, et al., Defendants.

Civ. Nos. 87–0065–E(BTM), 87–0075–E(IEG) and 87–0264–E(IEG).

United States District Court, S.D. California.

Aug. 30, 1989.

---

[redacted]

William L. Banning, Keith Zakarin and Daniel Silverman, of Lillick & McHose and James C. Stevens of Gans & Blackmar, San Diego, Cal., for plaintiffs.

William Braniff, U.S. Atty., San Diego, Cal., Lee M. Kolker, Lands & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., and Karen M. Schichman, Asst. U.S. Atty., San Diego, Cal., for defendants.

## AMENDED MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

Prior to 1985, the tuna/porpoise observer position was certified by the Office of Personnel Management or its predecessor agency as a "males only" position. In October 1984, a woman filed a complaint with the Department of Commerce challenging the National Oceanic and Atmospheric Administration's (NOAA) refusal to hire women observers. In August 1985, a second such complaint was filed as a class action.

An administrative inquiry followed, causing the chief of NOAA's civil rights division to conclude that denying females employment on the tuna vessels, solely because of their sex, was violative of Title VII of the Civil Rights Act of 1964. NOAA began recruiting applicants for the tuna/porpoise observer position in August 1986 without regard to gender. Subsequently, the above civil actions, seeking preliminary injunctions, were filed after the NOAA offered female observers for placement on a tuna vessel.

On April 25, 1989, the government published a final rule amending 50 C.F.R. § 216.24(f) to provide for certain basic living accommodations for observers placed by the government on United States tuna vessels. The regulations further established the minimum adjustments in living arrangements required to accommodate female observers on board vessels with all male crews. Notice and an extended period for comment was had prior to the promulgation of the final rule. The American Tuna Boat Association and Caribbean Marine lodged two comments.

The final rule requires that all observers must be provided sleeping, toilet, and eating accommodations at least equivalent to a full crew member. Moreover, the regulation requires that female observers serving on vessels with all male crews "be provided a bunk either in a single person cabin or in a two-person cabin shared with a licensed officer of the vessel if reasonable privacy can be ensured by installing a curtain or other temporary room divider." 50 C.F.R. 216.24(f)(6).

If the cabin assigned to the female observer does not have attached toilet and shower facilities that can be provided for the exclusive use of the observer, then a schedule for time-sharing toilet and shower facilities must be established, approved by NOAA, and adhered to throughout the voyage. *Id.* A vessel owner with all male crews may apply for an exemption from carrying a female observer after meeting specific criteria. 50 C.F.R. 216.24(f)(7).

The government now moves for summary judgment. They seek a finding by this court that placement of female observers aboard tuna seiners, pursuant to the above regulations, is not in violation of NOAA regulations or of the crew members' constitutional rights to privacy.

## SUMMARY JUDGMENT

### A. *Standard*

Federal Rule of Civil Procedure 56(c) allows for the entry of summary judgment where:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Rule 56(c) mandates the entry of summary judgment against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *See also Lake Nacimiento Ranch v. San Luis Obispo County*, 830 F.2d 977, 980 (9th Cir. 1987).

The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact and that judgment may be entered as a matter of law. *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). The opponent's burden is to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citing Fed.R.Civ.P. 56(e)).

### B. *Discussion*

The plaintiffs submit that summary judgment is inappropriate for several reasons. They assert that the instant cases are not ripe for summary judgment. Specifically, they question whether the administrative record is complete, whether the agency engaged in "reasoned decisionmaking," and the proper evidentiary standard to be applied to the rulemaking. Additionally, plaintiffs contend their constitutional right to privacy claims are unsuited to summary judgment.

However, this court is limited to review of the record. Pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 702, agency action is subject to judicial review to determine if it is "arbitrary, capricious, or otherwise not in accordance with law." The APA provides that in reviewing agency action "the court shall review the whole record or those parts of it cited by any party...." *Id.*

Moreover, Magistrate Moskowitz has permitted limited discovery only as to plaintiffs' privacy claims. *See* Transcript of Motions Hearing before the Honorable Barry Ted Moskowitz, Supplement to Defendants' Motion for Summary Judgment. Therefore, plaintiffs' allegations as to the adequacy of the administrative record are without merit.

This court finds that the rules promulgated by the NOAA are clearly not arbitrary, capricious, or violative of the crew members' constitutional right to privacy. The regulations provide for basic living accommodations for all observers placed on United States tuna vessels and, further, establish minimum adjustments in living arrangements required to accommodate female observers on board vessels with all male crews.

The NOAA's regulations were promulgated through publication of a proposed rule in the Federal Register, inviting public comment. Plus, the period of time for accepting comments was extended at the request of industry representatives. Administrative Record (A.R.) 32.

The administrative record demonstrates that the NOAA considered all relevant information. Although the experience with women aboard a tuna seiner was limited to two voyages, the agency sought and received information on the experience of other fisheries and research programs where women served aboard vessels with largely male crews. A.R. 11, 16, 39, 41, 43, 44, 46, 49, 50, 51. It also considered information on sexual assaults on women on all types of vessels and insurance liability concerns. A.R. 12, 54. Plaintiffs also had an opportunity to comment on the regulations. A.R. 34, 35.

Furthermore, this court cannot now consider plaintiffs' constitutional claims without reference to the content of the new observer accommodation rules. At the time the plaintiffs filed their actions, there were no regulations governing the living arrangements for personal privacy of male or female observers or crew members. The placement of a female observer in the future will take place according to the terms of the rulemaking. The regulations

ensure that no fisherman has his privacy interests violated by a female NOAA employee while dressing or performing intimate functions.

Lastly, plaintiffs have not submitted evidence from crew members who sailed with a female observer stating that their right to privacy had been violated. Plaintiffs' claims of violation of privacy merely constitute inconvenience. *See Caribbean Marine Service Company, Inc. v. Baldrige,* 844 F.2d 668, 676 (9th Cir.1988).

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth herein, the court hereby grants defendants' motion for summary judgment as to the entire action.

IT IS SO ORDERED.